PITMAN, J.
Plaintiffs-Appellants George Eric Hatfield; Hatfield Enterprises, LLC; and Hatfield Development Company, LLC;[1] appeal the trial court's denial of their motion for partial summary judgment and the granting of Defendant-Appellee Bossier Parish Police Jury's (the "Police Jury") motion for summary judgment. For the following reasons, we affirm the trial court's denial of Plaintiffs' motion for partial summary judgment, reverse the trial court's granting of the Police Jury's motion for summary judgment and dismissal of Plaintiffs' suit and remand for trial.
FACTS
On April 21, 2014, Plaintiffs filed a petition against the Police Jury alleging that on October 6, 2013, Hatfield Enterprises purchased from Richard Connell for $ 28,000 an airport hangar located at the Downtown Shreveport Airport. Mr. Hatfield agreed to assume all of Mr. Connell's obligations to the Shreveport Airport Authority with respect to the lease agreement covering the hangar. He was aware that property taxes were due to both the City of Shreveport and Bossier Parish because the hangar is located inside the city limits of the City of Shreveport and also within Bossier Parish. In September 2013, he obtained a redemption figure from the revenue department of the City of Shreveport and delivered a check in the amount of $ 2,786.14, representing the redemption of a prior tax adjudication. He also contacted the Bossier Parish Sheriff's Office (the "Sheriff's Office") to obtain the redemption *1226 amount for unpaid 2009 Bossier Parish taxes. The Sheriff's Office provided him with a redemption amount, but then advised him that the Police Jury was responsible for handling redemptions that were more than three years old and would provide him with a new redemption amount. He attempted to obtain the new redemption amount from the Police Jury but was never provided with an amount. The Police Jury's policy required Plaintiffs to request that the Police Jury declare the hangar as surplus and have it sold at auction. The auction was conducted on November 2, 2013, and he bid the highest amount, i.e., $ 44,000 plus a 10 percent buyer's premium. He and Hatfield Enterprises obtained a loan with interest to pay the auction price. Plaintiffs alleged that the Police Jury refused to provide them with the redemption amount, that they were entitled to receive this amount and that the refusal resulted in them paying an amount at auction that was substantially more than the amount they were legally required to pay. Plaintiffs argued that the Police Jury failed to follow the provisions of La. R.S. 47:2201 et seq., which govern the sale of adjudicated property by political subdivisions. They contended that the Police Jury failed to follow the notice requirements of La. R.S. 47:2206, which forced them to attend an auction and face the prospect of losing their hangar to the highest bidder. Therefore, they argued that the Police Jury is liable for all amounts over and above the required redemption amount, the interest paid on the loan, reasonable damages, attorney fees and court costs.
On May 19, 2014, the Police Jury filed an answer in which it denied Plaintiffs' allegations and pled affirmative defenses. It argued that Plaintiffs' petition failed to state a cause of action for damages.
On February 26, 2018, Plaintiffs filed a motion for partial summary judgment. They argued that the Police Jury violated the provisions of La. R.S. 47:2246 by failing to provide them with the amount to redeem the adjudicated tax sale and by failing to send the required post-tax sale notices to all interested parties, resulting in an unlawful auction of the hangar.
On May 9, 2018, the Police Jury filed a motion for summary judgment. It argued that Plaintiffs cannot establish that the Police Jury is liable to them and, therefore, that their claims should be dismissed with prejudice. It contended that only Hatfield Enterprises has an interest in the hangar and that the claims of Mr. Hatfield and Hatfield Development Company should be dismissed. It argued that the claims of Hatfield Enterprises should be dismissed because the Police Jury is not the tax collector for Bossier Parish; and, therefore, it cannot be held liable under La. R.S. 47:2241 et seq. It contended that it complied with all applicable state laws in selling Bossier Parish's tax sale title to the hangar. It stated that La. R.S. 47:2206 requires that notice be given when the political subdivision intends to terminate the interest of the tax sale party. It explained that it never intended to terminate the interest of any tax sale party, and the auction resulted in the sale of Bossier Parish's tax sale title. It noted that Hatfield Enterprises had notice and attended the auction. It further contended that Hatfield Enterprises suffered no damages because it acquired full and unburdened ownership of the hangar for less money as a result of the auction. It stated that Hatfield Enterprises originally agreed to pay Mr. Connell $ 198,000, including a $ 170,000 promissory note, for the hangar. As a result of taxes not being paid and the auction, the note was forgiven, and Hatfield Enterprises paid Mr. Connell only $ 28,000. Having gone through the auction, Hatfield Enterprises has full ownership of the hangar and obtained that ownership for $ 76,400 *1227 ($ 28,000 to Mr. Connell plus the $ 48,400 auction price), rather than $ 198,000, which is a benefit of $ 121,600.
On July 12, 2018, the trial court filed an opinion. It noted that La. R.S. 47:2243[2] states that "redemptions shall be made through the tax collector" and that in this case, the Police Jury is not the tax collector. Accordingly, the trial court determined that Plaintiffs cannot establish that the Police Jury is liable to them. It stated that Plaintiffs' claim to redeem tax sale title must be brought against the tax collector for Bossier Parish. Therefore, it found that Plaintiffs could show no genuine issue of material fact. It granted the Police Jury's motion for summary judgment, denied Plaintiffs' motion for partial summary judgment and dismissed Plaintiffs' claims. The trial court filed a final judgment on July 25, 2018.
Plaintiffs appeal.
DISCUSSION
Police Jury's Motion for Summary Judgment
In their first assignment of error, Plaintiffs argue that the trial court erred in finding that their claims must be brought against the tax collector for Bossier Parish and not the Police Jury, resulting in the trial court granting the Police Jury's motion for summary judgment. They note that the trial court relied on La. R.S. 47:2243 and determined that as the Police Jury is not the tax collector for Bossier Parish, then Plaintiffs could not establish that the Police Jury is liable to them. Plaintiffs agree with the trial court's opinion that redemptions must be made through the tax collector of the appropriate political subdivision, which in this case is the Sheriff's Office. They note that the policy in Bossier Parish is that when a tax adjudication is more than three years old, the Sheriff's Office refers all redemption requests to the Police Jury. Thus, Plaintiffs contend that the Police Jury is the proper party defendant at fault in this case. They argue that the Police Jury violated the law that all redemptions shall be made through the tax collector when it took over the redemption duties of the Sheriff's Office regarding the tax adjudication of the hangar. They state that the Sheriff's Office did nothing wrong in this case. Therefore, Plaintiffs argue that the trial court erred when it concluded that the Police Jury cannot be held liable to them because of the argument that the Police Jury is not the tax collector.
The Police Jury emphasizes that, pursuant to La. R.S. 47:2243, redemptions of tax sale title to adjudicated property are made through the tax collector of the appropriate political subdivision, which in Bossier Parish is the Sheriff's Office, not the Police Jury. Therefore, it contends that the Sheriff's Office is the sole entity responsible for redemptions in Bossier Parish, and Plaintiffs have failed to identify any basis for a statutory duty owed by the Police Jury to them.
An appellate court reviews a trial court's granting of summary judgment de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau , 07-1726 (La. 2/26/08), 977 So.2d 880.
La. R.S. 47:2243 states, in pertinent part, that "[r]edemptions shall be made through the tax collector of the appropriate *1228 political subdivision." La. R.S. 47:2246(A) states:
For property adjudicated to a political subdivision, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property in the name of the tax debtor until any of the following shall occur:
(1) The later of sixty days or six months, as applicable, after the notice required by R.S. 47:2206, or the filing of the sale or donation transferring the property from the political subdivision pursuant to R.S. 47:2201 et seq.
(2) The granting of the order of possession pursuant to R.S. 47:2232.
(3) Sixty days or six months, as applicable, after the notice required by R.S. 47:2236.
A 2008 comment to La. R.S. 47:2246 notes:
This Section is new. It codifies current practice. As long as property remains on the adjudicated rolls, and neither a political subdivision nor an acquiring person has obtained full ownership, the property may be redeemed as a matter of statutory right even though the redemptive period under the Louisiana Constitution has expired.
Effective January 1, 2009, the Louisiana Legislature enacted new legislation regarding immovable property taxes, tax sales and redemptions. 2008 La. Acts No. 819; see La. R.S. 47:2121 et seq. The previous legislation stated that redemptions could not occur after three years had lapsed from the time of the tax sale. See Burns v. Harris , 41,881 (La. App. 2 Cir. 5/23/07), 957 So.2d 921, writ denied , 07-1307 (La. 10/5/07), 964 So.2d 940, and writ denied , 07-1403 (La. 10/5/07), 964 So.2d 941 (discussing La. R.S. 47:2221 and 2222, which have since been repealed). The newly enacted La. R.S. 47:2246 contains an exception to this former legislation.
The trial court in this case erred in its reliance solely on La. R.S. 47:2243 and failure to consider the applicability of La. R.S. 47:2246. Considering La. R.S. 47:2246(A), the Police Jury failed to comply with parts (1), (2) or (3), so Plaintiffs have the right to redeem. Plaintiffs were clearly deprived of the right to redeem under this statute, as the property had been adjudicated to the Police Jury. The internal policy dictated by the Police Jury, i.e., requiring that it handle all tax sale adjudications that are past the three-year period of redemption and that the property be sold at auction, resulted in a profit to both the Police Jury and the auction company. The Police Jury's policy also prevents the Police Jury and the Sheriff's Office from complying with the statutes enacted in 2009, including La. R.S. 47:2246. The Police Jury has not been absolved from liability under the circumstances of this case. Therefore, as the trial court erred in its failure to apply La. R.S. 47:2246, it erred in granting the Police Jury's motion for summary judgment and dismissing Plaintiffs' suit. We remand this case for trial as genuine issues of material fact exist as to fault and the calculation of damages.
Accordingly, this assignment of error has merit.
Plaintiffs' Motion for Partial Summary Judgment
In their second assignment of error, Plaintiffs argue that the trial court erred in ruling that they could not establish their claims against the Police Jury, which resulted in the trial court denying their motion for partial summary judgment. They state that pursuant to La. R.S. 47:2246, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property unless that person has received the post-tax sale notice set forth in La. R.S. 47:2206. They contend *1229 that they had a right to redeem the Bossier Parish tax adjudication on the hangar from the Sheriff's Office. They state that the Police Jury did not provide the post-tax sale notice required in La. R.S. 47:2206 and failed to comply with La. R.S. 47:2246. Therefore, Plaintiffs argue that there were no genuine issues of fact in dispute and that they were entitled to judgment as a matter of law finding that the Police Jury violated La. R.S. 47:2246.
The Police Jury argues that Plaintiffs sought the wrong form of relief, at the wrong time and from the wrong party. It contends that Plaintiffs have no cause of action against it and that the trial court's dismissal of Plaintiffs' claims should be affirmed. It contends that Hatfield Enterprises could have sought a writ of mandamus against the Sheriff's Office to obtain a redemption amount and force a redemption tax sale title to the hangar. It also contends that Mr. Hatfield and/or Hatfield Enterprises could have requested that the Police Jury not proceed with the auction process that they requested. The Police Jury notes that neither Mr. Hatfield nor Hatfield Development ever owned the hangar, so neither suffered any damages. It alleges that Hatfield Enterprises benefited in the amount of $ 121,600 from the procedures the Police Jury employed and, thus, did not suffer any damages.
As discussed above, the trial court erred in determining that Plaintiff's sole recourse is against the Sheriff's Office as the tax collector. Fault, including that of the Police Jury, shall be determined on remand at a trial on the merits of this case. The Police Jury's arguments that Plaintiffs should have filed an injunction or a mandamus action are more properly addressed when considering fault and calculating damages. Therefore, genuine issues of material fact exist as to fault and damages, and the trial court did not err in denying Plaintiffs' motion for partial summary judgment.
Accordingly, this assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the trial court's denial of the motion for partial summary judgment filed by Plaintiffs-Appellants George Eric Hatfield; Hatfield Enterprises, LLC; and Hatfield Development Company, LLC. We reverse the trial court's granting of Defendant-Appellee Bossier Parish Police Jury's motion for summary judgment and dismissal of Plaintiffs' suit, and we remand for trial. Costs of appeal are assessed to the Bossier Parish Police Jury in the amount of $ 2,410.50.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
APPLICATION FOR REHEARING
Felcia Toney Williams, Frances Jones Pitman - Writing, Jeanette Giddens Garrett, Shonda D. Stone, and E. Joseph Bleich.
Rehearing denied.

Our review of the record demonstrates that only Hatfield Enterprises, LLC, as purchaser of the hangar, has standing in this case.

The trial court's opinion refers to "La. R.S. 47:2343," but this appears to be an error. The statute quoted by the trial court is La. R.S. 47:2243.